UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO.:

ROLANDO S. MOSCHELLA
and other similarly-situated individuals,

      Plaintiff(s),

v.

CARIDAD DEL COBRE-REYES CORP.
d/b/a LAS DELICIAS PERUANAS,
CARLOS REYES and ROBERTO REYES JR.,
individually

      Defendants,

_____/

COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff, ROLANDO S. MOSCHELLA, and other similarly-situated

individuals, by and through the undersigned counsel, and hereby sue Defendants CARIDAD DEL

COBRE-REYES CORP., d/b/a LAS DELICIAS PERUANAS, CARLOS REYES, and

ROBERTO REYES JR., individually and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages under the laws of

   the United States.  This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29

   U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff ROLANDO S. MOSCHELLA is a resident of Miami-Dade County, Plaintiff is a

   covered employee for purposes of the Act.

3. Defendant CARIDAD DEL COBRE-REYES CORP., d/b/a LAS DELICIAS PERUANAS

   (hereinafter LAS DELICIAS PERUANAS, or Defendants) is a Florida corporation, having

place of business in Hollywood, Broward County, Florida, where Plaintiff worked for Defendant, and at all times material hereto, Defendant was engaged in interstate commerce.

4.  The individual Defendants CARLOS REYES, and ROBERTO REYES JR. were and are now, the owners and directors/manager of Defendant Corporation LAS DELICIAS PERUANAS.

5.  All the action raised in this complaint took place in Broward County Florida, within the jurisdiction of this Court.

GENERAL ALLEGATIONS

6.  This cause of action is brought by Plaintiff ROLANDO S. MOSCHELLA to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT").

7.  Corporate Defendant LAS DELICIAS PERUANAS is a Peruvian restaurant located at 2023 Hollywood Blvd., Hollywood, Florida 33020.

8.  Defendants LAS DELICIAS PERUANAS, CARLOS REYES, and ROBERTO REYES employed Plaintiff ROLANDO S. MOSCHELLA as a non-exempt restaurant employee approximately from approximately December 7, 2011 to March 1, 2016, or more than 4 years. Nevertheless Plaintiff's relevant period of employment is 153 weeks. (from March 22, 2013 to last day of employment March 1, 2016).

9.  Plaintiff's duties included, cooking, cleaning and general kitchen work. Plaintiff was paid a salary of $500.00 and $550.00 which intended to pay 40 hours of work in every week period. Plaintiff was promised to be paid for every overtime hour.

10. During his relevant employment period with Defendants, Plaintiff maintained a regular schedule.  Plaintiff worked from Monday and Tuesday from 12:00 PM to 10:30 PM (10.5 hours); Plaintiff had Wednesdays and Thursdays off; on Fridays and Saturdays Plaintiff worked from 12:00 PM to 3:00 AM (15 hours each day); and on Sundays, Plaintiff worked from 12:00 PM to 10:30 PM (10.5 hours).  Plaintiff worked a total of 61.5 hours every week period.  Plaintiff was not able to take bona-fide lunch breaks.

11. Plaintiff worked in excess of 40 hours, however he was not paid for overtime hours as promised and according to the overtime provisions of the Fair Labor Standards Act.

12. Defendants did not use any time-keeping method, and did not keep track of hours worked by Plaintiff and other employees similarly situated.

13. Plaintiff was paid weekly strictly on cash basis, without any paystub providing basic information such as wage rate, real number of hours worked, employment taxes withheld, etc.

14. Defendants failed to pay Plaintiff for overtime hours at the rate of time and a half his regular rate, in violation of FLSA provisions.

15. Plaintiff complained many times about the lack of payment for overtime hours. Plaintiff complained to the owners of the business CARLOS REYES, and ROBERTO REYES JR. and Defendants promised to fix the problem.

16. On or about March 1, Plaintiff complained for the last time about his unpaid overtime hours with owner CARLOS REYES.  As a result of this complaint Defendant CARLOS REYES got upset and fired Plaintiff.

17. Plaintiff ROLANDO S. MOSCHELLA seeks to recover all the overtime wages that never were paid to him, retaliatory damages, and any other relief as allowable by law.

18. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

<u>**COUNT I:**</u>
<u>**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**</u>
<u>**FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS**</u>

19. Plaintiff ROLANDO S. MOSCHELLA re-adopts each and every factual allegation as stated in paragraphs 1-18 above as if set out in full herein.

20. This cause of action is brought by Plaintiff ROLANDO S. MOSCHELLA  as a collective action to recover from Defendants overtime compensation, liquidated damages, costs and reasonably attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after October 2014,  (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

21. Defendant LAS DELICIAS PERUANAS was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a retail businesses, operating as restaurant, and is engaged in interstate commerce. Defendant uses the instrumentalities of interstate commerce. Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept

and solicit funds from non-Florida sources,  by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore there is FLSA enterprise coverage.

22. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Plaintiff and those similarly-situated through their daily activities were regularly engaged in interstate commerce. Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

23. Defendants LAS DELICIAS PERUANAS, CARLOS REYES, and ROBERTO REYES employed Plaintiff ROLANDO S. MOSCHELLA as a non-exempt restaurant employee approximately from approximately December 7, 2011 to March 1, 2016, or more than 4 years. Nevertheless Plaintiff's relevant period of employment is 153 weeks. (from March 22, 2013 to last day of employment March 1, 2016).

24. Plaintiff's duties included, cooking, cleaning and general kitchen work. Plaintiff was paid a salary of $500.00 and $550.00 which intended to pay 40 hours of work in every week period. Plaintiff was promised to be paid for every overtime hour.

25. During his relevant employment period with Defendant, Plaintiff worked an average of 61.5 (Sixty One and a half) hours. Plaintiff was paid a salary of $500.00 weekly which intended to pay 40 hours of work in every week period. During his last 24 weeks of employment, Plaintiff was paid $550.00 per week.

26. Defendant did not use any time-keeping method, and did not keep track of hours worked by Plaintiff and other employees similarly situated. Plaintiff was paid for only 40 hours, and he was not paid at any rate for all his overtime hours.

27. Therefore, Plaintiff was not paid for overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

28. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

29. The records, if any, concerning the number of hours actually worked by Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of Defendant.  However, upon information and belief, Defendant did not maintain time accurate records of hours worked by Plaintiff and other employees.

30. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

31. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages  is as follows:

* Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modifications as discovery could dictate.

    a.  Total amount of alleged unpaid O/T wages:

    Thirteen Thousand Five Hundred Sixty Six Dollars and 81/100 ($13,566.81)

    b.  Calculation of such wages:
    Relevant weeks of employment:  153 weeks
    Relevant weeks with O/T worked:  153 weeks
    Total hours worked:  61.5 hours weekly
    Total overtime hours: 21.5 hours

Total O/T unpaid hours: 21.5 O/T hours

**i.** **Overtime for  129 weeks paid at $8.13 an hour or $500.00 weekly**

Paid Weekly:  $ 500.00
Regular rate: $500.00:61.5 hours=$8.13 x 1.5=$12.19 O/T rate
O/T rate $12.19-$8.13 rate paid=$4.06 half-time difference

$4.06 half-time x 21.5=$87.29 weekly x 129 weeks=$11,260.41

ii. **Overtime for 24 weeks paid at $8.94 an hour or $550.00 weekly**

Paid Weekly:  $ 550.00
Regular rate: $550.00:61.5 hours=$8.94 x 1.5=$13.41 O/T rate
O/T rate $13.41-$8.94 rate paid=$4.47 half-time difference

$4.47 half-time x 21.5=$96.10 weekly x 24 weeks=$2,306.40

Total overtime:  $13,566.81

Nature of wages (e.g. overtime or straight time):

This amount represents unpaid half-time overtime wages.

32. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

33. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

34. At the times mentioned, individual Defendants CARLOS REYES, and ROBERTO REYES JR. were the owners/partners/manager of LAS DELICIAS PERUANAS. Defendants CARLOS REYES, and ROBERTO REYES JR. were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that these individual Defendants acted directly in the interests of LAS DELICIAS PERUANAS in relation to its employees, including Plaintiff and others similarly situated. Defendants CARLOS REYES, and ROBERTO REYES JR. had financial and operational control of the corporation, determined terms and working conditions of Plaintiff and other similarly situated employees, and they are jointly liable for Plaintiff's damages.

35. Defendants LAS DELICIAS PERUANAS, CARLOS REYES, and ROBERTO REYES JR. willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

36. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff ROLANDO S. MOSCHELLA and those similarly-situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff ROLANDO S. MOSCHELLA and other similarly-situated individuals and against the Defendants LAS DELICIAS PERUANAS, CARLOS REYES, and ROBERTO REYES JR. on the basis of Defendants' willful violations of

the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff ROLANDO S. MOSCHELLA actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff ROLANDO S. MOSCHELLA demands trial by jury of all issues triable as of right by jury.

**COUNT II:**
**FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3)**
**RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS**

37. Plaintiff ROLANDO S. MOSCHELLA re-adopts each and every factual allegation as stated in paragraphs 1-18 of this complaint as if set out in full herein.

38. Defendant LAS DELICIAS PERUANAS was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a retail businesses, operating as restaurant, and is engaged in interstate commerce. Defendant uses the instrumentalities of interstate commerce. Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources,  by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the

Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore there is FLSA enterprise coverage.

39. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Plaintiff and those similarly-situated through their daily activities were regularly engaged in interstate commerce. Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

40. Defendants LAS DELICIAS PERUANAS, CARLOS REYES, and ROBERTO REYES employed Plaintiff ROLANDO S. MOSCHELLA as a non-exempt restaurant employee approximately from approximately December 7, 2011 to March 1, 2016, or more than 4 years. Nevertheless Plaintiff's relevant period of employment is 153 weeks. (from March 22, 2013 to last day of employment March 1, 2016).

41. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…"

42. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

43. Defendants LAS DELICIAS PERUANAS, CARLOS REYES, and ROBERTO REYES employed Plaintiff ROLANDO S. MOSCHELLA as a non-exempt restaurant employee approximately from approximately December 7, 2011 to March 1, 2016, or more than 4

years. Nevertheless Plaintiff's relevant period of employment is 153 weeks. (from March 22, 2013 to last day of employment March 1, 2016).

44. During his relevant employment period with Defendants, Plaintiff worked an average of 61.5 (Sixty One and a half) hours. However, Plaintiff was not paid for overtime hours.

45. Therefore, Plaintiff was not paid for overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

46. Plaintiff ROLANDO S. MOSCHELLA complained about his unpaid overtime wages many times to the owners of the business CARLOS REYES, and ROBERTO REYES JR., but Defendant always promised to fix the problem.

47. Plaintiff complained about his unpaid overtime wages with CARLOS REYES on or about February 28, 2016 and for the last time on or about March 1, 2016.

48. These complaints constituted protected activity under the Fair Labor Standards Act.

49. As a result of Plaintiff's multiple complaints Defendant CARLOS REYES got very upset and fired Plaintiff on or about March 1, 2016.

50. There is closed proximity between Plaintiff's last protected activity and the date of his termination.

51. At all time during his employment with Defendants, Plaintiff performed his duties satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendants.

52. At the times mentioned, individual Defendants CARLOS REYES, and ROBERTO REYES JR. were the owners/partners/managers of LAS DELICIAS PERUANAS.  Defendants CARLOS REYES, and ROBERTO REYES JR. were the employers of Plaintiff and others

similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that these individual Defendants acted directly in the interests of LAS DELICIAS PERUANAS in relation to its employees, including Plaintiff and others similarly situated. Defendants CARLOS REYES, and ROBERTO REYES JR. had financial and operational control of the corporation, determined terms and working conditions of Plaintiff and other similarly situated employees, and they are jointly liable for Plaintiff's damages.

53. Defendants LAS DELICIAS PERUANAS, CARLOS REYES, and ROBERTO REYES JR. willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States as set forth above, and then retaliated against Plaintiff by firing him.

54. The motivating factor which caused Plaintiff's discharge as described above was the complaint seeking overtime wages from the Defendants. In other words, Plaintiff would not have been discharged but for his complaint for overtime wages.

55. The Defendants' termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

56. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff ROLANDO S. MOSCHELLA respectfully requests that this Honorable Court:

A. Enter judgment against the Defendants LAS DELICIAS PERUANAS CARLOS REYES, and ROBERTO REYES JR. for all back wages from the date of discharge to

the present date and an equal amount of back wages as liquidated damages, attorney's

fees, costs, and;

B.  Reinstatement and promotion and injunctive relief prohibiting the Defendants from

discriminating in the manner described above, emotional distress and humiliation, and

pain and suffering, front wages until Plaintiff becomes 65 years of age as well as all

other damages recoverable by law 29 U.S.C. 216(b).

JURY DEMAND

Plaintiff ROLANDO S. MOSCHELLA demands trial by jury of all issues triable as of right by

jury.

Dated:  March 28, 2016                                                                                          ,

Respectfully submitted

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*